UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AIDYN SADYKOV,

      Petitioner,

    v.

KRISTI NOEM, et. al.,

      Respondents.

No.  1:26-cv-01218-DC-DMC-HC

ORDER

Petitioner, an immigration detainee who is representing proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Petitioner's Petition for writ of habeas corpus, ECF No 1, and Respondents' motion to dismiss, ECF No. 7. Respondents filed an answer, ECF No. 8, and Petitioner filed a reply, ECF No. 10. Petitioner filed an opposition to the motion to dismiss, ECF No. 9.

Petitioner asserts a due process claim generally, including an allegation that his detention is prolonged, which "has been recognized by Courts nationwide as requiring a higher level of scrutiny than short-term detention." ECF No. 1, pg. 20. Respondents challenge this claim arguing that "[e]ven lengthy detention during the time it takes to appeal does not render the statute unconstitutional as applied to Petitioner," citing cases which address procedural and substantive due process claims. ECF No. 8, pg. 4 (citing Demore v. Kim, 538 U.S. 510, 530 n. 14 (2003); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022); Doherty v.

1

Thornburgh, 943 F.2d 204, 211 (2d Cir. 1991).

It appears Petitioner may be raising both procedural and substantive due process claims. Courts have applied differing tests when considering substantive due process challenges to prolonged detention. See e.g. Martinez v. Clark, No. C18-1669-RAJ-MAT, 2019 LX 57468, at *19-20 (W.D. Wash. May 23, 2019) (analyzing eight factors); K. v. Golden State Annex Detention Facility, et. al., No. 1:25-CV-01694-TLN-DMC, 2026 WL 2070021, at *2 (E.D. Cal. July 17, 2026) (applying the test established in Lopez v. Garland, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022)); Morales v. Facility Adm'r, No. 5:26-cv-03825-SSS-BFM, 2026 LX 324182, at *13 (C.D. Cal. July 15, 2026) (applying Zadvydas framework); Singh v. Warden of the Golden State Annex ICE Det. Facility, No. 1:26-cv-00048 DJC SCR, 2026 LX 171849, at *11-15 (E.D. Cal. Apr. 3, 2026) (considering three factors established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976)); Campos v. Chestnut, No. 1:26-cv-01330 DJC SCR, 2026 LX 345096, at *21 (E.D. Cal. June 24, 2026) (relying on the multi-factor test established in Doe v. Becerra, 732 F. Supp. 3d 1071, 1080 (N.D. Cal. 2024)).

The undersigned finds that additional briefing will ensure parties have the opportunity to fully brief the relevant issues. Thus, the undersigned will direct Petitioner to file a supplemental brief clarifying whether Petitioner is raising a substantive due process claim, and if so, addressing the specifics of such claim, allow Respondents opportunity to file responsive briefing, and allow Petitioner to file a response.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, it is HEREBY ORDERED that:

1.   Petitioner shall file supplemental briefing addressing whether Petitioner is raising a substantive due process claim and the specifics of such claim within seven days of the date of this order;

2.   Respondents shall have seven days from the filing of Petitioner's supplemental briefing to file responsive supplemental briefing;

3.   Petitioner shall have three days to file a response to Respondents' supplemental briefing.

Dated:  July 29, 2026

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE